## JAMES O'BRIEN *vs.* DANIEL BARRY.

No exception lies to the rejection of a party's book of account, partly upon inspection of the book by the presiding judge, and partly upon specific objections to the time and manner of making the entries.

ACTION OF CONTRACT to recover for services performed under a special agreement. The defendant answered payment, and filed an account in set-off. Trial in the court of common pleas, before *Perkins*, J., who signed the following bill of exceptions :

" To prove his account in set-off, the defendant offered his books of account, supported by his oath. He was asked if the book offered in evidence contained his original entries, or whether the charges had been made in some other place or book, and copied into the book offered. He stated that he made his charges first, sometimes upon a slate, sometimes upon slips of paper, and at other times upon a small book, which he said was, or was like a pass book. He could not tell what portion of the charges or items specified in this case had been originally set down in that book. He copied from this book, or from the slate, sometimes every day or two, sometimes not oftener than once a week, into the book offered in evidence. How long the items claimed remained on the slate or pass book before they were copied, he could not tell. There was nothing to show that this pass book was destroyed, or could not be found ; and the defendant said he had not looked for it ; that he had no other day-book than the one offered, kept in the manner above stated, and he had no ledger. The said book offered, the defendant said, he usually kept at his house. The plaintiff objected to that book, as well upon the above facts, as from its appearance, which was submitted to the court. The court ruled that the book could

not be admitted for the purpose for which it was offered, to prove the items of payments of cash specified in the defendant's account in set-off. A verdict was taken for the plaintiff, and the defendant excepted."

*A. R. Brown*, for the defendant. This book could not be properly rejected for the reason that the account was copied from memoranda first made on a slate or on slips of paper, a day or two or even a longer time previous. *Faxon* v. *Hollis*, 13 Mass. 427. *Morris* v. *Briggs*, 3 Cush. 343. The question whether an account book is so kept as to be proper to be submitted to the jury, supported by the suppletory oath of the party, is a question of law to be decided by the court; and if the court, on inspection, see (as in this case) that the book has been kept honestly and with reasonable care and accuracy, it is to be admitted. *Mathes* v. *Robinson*, 8 Met. 269. *Cogswell* v. *Dolliver* 2 Mass. 217. But if not a question of law, the book itself, supported by the suppletory oath of the party, should be left to the jury to judge of its weight.

*T. H. Sweetser*, for the plaintiff.

SHAW, C. J. It appears by the exceptions that the book was rejected as incompetent, partly upon specific objections, taken at the trial, which are stated and still relied on as valid, and partly on an inspection of the book by the judge. So far as the judge acted and decided on his own examination, the decision must be taken as made on matter of fact of which he was the proper judge, and not of law, and therefore not open to reëxamination in this court. And as the rejection may have been caused by the character of the book itself, the exceptions cannot be sustained. *Exceptions overruled.*